United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>TRANSATLANTIC REINSURANCE COMPANY,<br><br>    Defendant. | NO. C03-1448 TEH<br><br><u>ORDER DENYING JOINT MOTION FOR MODIFICATION OF DISCOVERY SCHEDULE</u> |
| TRANSATLANTIC REINSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>CONTINENTAL INSURANCE COMPANY,<br><br>    Defendant. | NO. C03-5470 TEH |

    The parties in the above cases originally agreed to discovery deadlines on October 24, 2005, and the Court approved those deadlines at the October 31, 2005 case management conference. The Court subsequently granted the parties' joint request to extend the previously agreed upon discovery deadlines on February 1, 2006. On February 22, 2006, the Court noted that "discovery in this case does not appear to be moving along expeditiously. Although the Court will not alter the deadlines ordered pursuant to the parties' January 31,

1  2006 stipulation, the Court fully expects the parties to comply with those deadlines and does
2  not anticipate granting any additional requests for continuances." Order Continuing Feb. 27,
3  2006 Case Management Conference at 1-2. On April 25, 2006, the Court similarly
4  "remind[ed] the parties that they remain bound by the deadlines ordered pursuant to the
5  parties' January 31, 2006 stipulation" and explained that "[t]he Court does not anticipate
6  granting continuances of any of those deadlines." Order Continuing May 1, 2006 Case
7  Management Conference at 1-2. Despite such warnings from the Court, the Court is now in
8  receipt of the parties' joint motion for modification of the discovery schedule and
9  Transatlantic Insurance Company's ("Transatlantic's") ex parte but unopposed application to
10 set a hearing date on the motion to modify the discovery schedule.

11     This is the fifth oldest case on the Court's active case roster, for no apparent or
12 compelling reason. As the Court has repeatedly noted, the parties do not appear to be
13 conducting discovery expeditiously, although they at least appear to be cooperating with each
14 other during the discovery process. The Court's admonitions and repeated warnings that no
15 further extensions in the discovery schedule would be granted appear to have gone unheeded.

16     Given the above context, and having reviewed the reasons set forth in the parties'
17 motion, the Court does not find good cause to grant the requested continuances. The Court
18 acknowledges Transatlantic's representation that it must wait until after the deposition of a
19 particular witness before it can produce its expert witness reports. However, Transatlantic
20 has not explained why it waited until May 5, 2006, to request "that Plaintiff [Continental
21 Insurance Company] produce a witness for deposition with knowledge of Plaintiff's umbrella
22 liability policy form at issue in this case." Mot. at 2. Nor have the parties explained why the
23 deposition was not scheduled until June 23 – seven weeks after the deposition request. In
24 addition, the parties have failed to explain why they waited until two days before the June 16,
25 2006 deadline for Transatlantic to disclose experts and produce expert reports before making
26 their request to modify the discovery schedule.

27     Accordingly, with good cause appearing, the parties' motion for modification of the
28 discovery schedule is DENIED. Transatlantic's request for a hearing on that motion is also

DENIED because the Court finds this matter suitable for resolution without oral argument, as permitted by Civil Local Rule 7-1(b).

**IT IS SO ORDERED.**

Dated:   06/20/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3